IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | |
| *Plaintiff,* | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-00869 |
| | : | |
| **BONNIE-GAIL DOUGHERTY and EDWARD DOUGHERTY III,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

**Kenney, J.**                                                                                                   **April 18, 2023**

Plaintiff State Farm Fire and Casualty Company ("State Farm") brings this declaratory judgment action against its insured, Bonnie-Gail Dougherty and Edward Dougherty III (collectively, the "Doughertys"), seeking a determination of its obligations to defend and indemnify the Doughertys in an underlying negligent construction and real estate concealment action pending in the Bucks County Court of Common Pleas. Before the Court is the Motion of Jason and Lauren Eisenhart (collectively, the "Eisenharts") to Intervene as Interested Parties or Alternatively for Joinder (ECF No. 8). For the reasons set forth below, the Court will deny the Motion to Intervene (ECF No. 8). An appropriate Order will follow.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

On March 7, 2023, State Farm filed a Complaint for a declaratory judgment that State Farm has no obligation to defend and no obligation to indemnify the Doughertys in an underlying negligent construction and real estate concealment action pending in the Bucks County Court of Common Pleas, captioned as *Eisenhart v. Dougherty, et al.*, No. 2021-05777 ("Underlying

1

Action"). ECF No. 1. The Underlying Action brought by the Eisenharts against the Doughertys[1] arises from the Doughertys' sale of 1410 Holly Drive, Perkasie, PA 18944 (the "Property") to the Eisenharts. ECF No. 8-3 at 1. The Eisenharts allege in the Underlying Action that the Doughertys intentionally and/or negligently concealed excessive water damage, toxic mold, and other unsanitary, unsafe, and harmful problems existing within the Property, including the construction and maintenance of an unsafe deck on the Property. ECF No. 8-2 at 3. State Farm is currently providing a defense to the Doughertys in the Underlying Action under a complete reservation of rights. ECF No. 1 ¶ 20. A Case Management Order dated October 31, 2022 certified the Underlying Action as trial ready on April 2, 2023; however, counsel for State Farm has represented that as of April 11, 2023, the Underlying Action has not been placed on a trial list. ECF No. 9 at 2.

On March 28, 2023, the Eisenharts filed the present Motion to Intervene as Interested Parties or Alternatively for Joinder (ECF No. 8) and on April 11, 2023, State Farm filed an Opposition (ECF No. 9). The Eisenharts seek to intervene alleging that the ability for them to recover for their harms and losses and to proceed to trial as scheduled in the Underlying Action is directly impacted by this litigation. ECF No. 8-2 at 5.

**II.    DISCUSSION**

The Eisenharts allege they are entitled to intervention as of right pursuant to Federal Rule of Civil Procedure 24(a), permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), or alternatively, that they are entitled to joinder as necessary parties pursuant to Federal Rule of Civil Procedure 19. ECF No. 8. The Court will address each argument in turn.

---

[1] Also named as defendants in the Underlying Action are Lori McGoldrick, a real estate agent, and Keller Williams Doylestown, a real estate brokerage. *See* ECF No. 8-3 at 1.

A. **Intervention as of Right under Fed. R. Civ. P. 24(a)**

Under Rule 24(a), a court must allow an individual to intervene in an action where the individual, on a timely motion,

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). No federal statute is applicable here and, therefore, the Court must analyze whether the Eisenharts demonstrate an interest relating to the property or transaction that is the subject of the action under Rule 24(a)(2).

The Third Circuit has held that a litigant seeking intervention as of right under Rule 24(a)(2) must establish: (1) "a timely application for leave to intervene"; (2) "a sufficient interest in the underlying litigation"; (3) "a threat that the interest will be impaired or affected by the disposition of the underlying action"; and (4) "that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir.1998)). There is no dispute that the Eisenharts' Motion to Intervene is timely; therefore, the first element is established. *See* ECF No. 8-2 at 6; ECF No. 9 at 5.

The second element an intervenor must establish for intervention as of right under Rule 24(a)(2) is that the intervenor has a sufficient interest in the litigation. The Third Circuit has stated: "In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Treesdale*, 419 F.3d at 220–21 (quoting *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir.1995)).

The Third Circuit's decision in *Liberty Mutual Insurance Company v. Treesdale, Inc.* directly forecloses the Eisenharts' argument that they have a sufficient interest to justify intervention as a matter of right. 419 F.3d 216 (3d Cir. 2005). In *Treesdale*, an insurer brought a declaratory judgment action against its insured to determine the extent of coverage available for numerous underlying asbestos-related suits. *Id.* at 219. Some of the plaintiffs in the state court actions sought to intervene to ensure proceeds would be available to satisfy any potential reward they obtained. *Id.* The Third Circuit denied the motion to intervene under Rule 24(a)(2) finding the proposed intervenors had "no property interest in the policies"; but "[r]ather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right." *Id.* at 222. "*Treesdale* [thus] stands for the proposition that an injured party is not entitled to intervene as a matter of right under Rule 24(a) in a declaratory judgment action over an insurance policy." *State Farm Mut. Auto. Ins. Co. v. Dabbene*, 511 F. Supp. 3d 600, 611 (E.D. Pa. 2021) (quoting *State Farm Fire & Cas. Co. v. Spector*, No. 15-cv-6752, 2016 WL 8668295, at *5 (E.D. Pa. Nov. 4, 2016)). This proposition directly bars the Eisenharts' argument that they have a sufficient interest to justify intervention as a matter of right under Rule 24(a)(2).

Additionally, the cases the Eisenharts put forth in support of their argument that they have a sufficient interest in this litigation do not change the result. First, the Eisenharts cite *Vale Chemical Company v. Hartford Accident & Indemnity Company* for the proposition that "[u]nder Pennsylvania law, a plaintiff 'has an interest in seeing that an insurance company pays the judgment against its insured.'" ECF No. 8-2 at 6 (citing *Vale Chemical Co.*, 516 A.2d 684, 687 (1986)). However, the Third Circuit directly rejected the application of *Vale* on declaratory judgment actions proceeding in federal court, finding that "since *Vale* is a procedural and jurisdictional ruling," federal courts are not required to apply *Vale*'s holding when resolving a tort

4

victim's motion to intervene in a declaratory judgment action between an insurer and its insured. *Treesdale*, 419 F.3d at 230. The Eisenharts' reliance on *American Automobile Insurance v. Murray* to support their argument for intervention as of right is similarly misplaced as *Murray* expressly indicated that *Treesdale* remained good law with respect to Rule 24. 658 F.3d 311, 318 n.4 (3d Cir. 2011) ("Our *Treesdale* opinion is inapplicable because, unlike *Rauscher* and the case at hand, it dealt solely with the standard for intervention under Fed. R. Civ. P. 24, and altogether failed to discuss or address the principle of standing."); *see also Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 239 (E.D. Pa. 2013) ("*Murray* was clear that *Treesdale* remains good law with respect to Rule 24").

Accordingly, the Eisenharts have not demonstrated they have a sufficient interest in this action and, therefore, the Court denies the Eisenharts' Motion to the extent they seek to intervene under Rule 24(a).

### B.     Permissive Intervention under Fed. R. Civ. P. 24(b)

Under Rule 24(b)(1), "[o]n a timely motion the court may permit anyone to intervene who: (A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The Eisenharts do not have a conditional right to intervene by federal statute nor have they shown the Underlying Action and this action share a common question of law or fact. *Treesdale*, like it did under Rule 24(a), directly refutes the Eisenharts' argument for permissive intervention under Rule 24(b).

In *Treesdale*, the Third Circuit held that "where a proposed intervenor has only a contingent financial interest in a declaratory action to establish insurance coverage, he/she cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to

5

determine liability for injuries [the defendants in the underlying action] may have caused." 419 F.3d at 228. Here, like in *Treesdale*, the Underlying Action and the present action do not share common questions of law or fact. This action seeks to determine State Farm's responsibilities under the State Farm Policy, an insurance contract between State Farm and the Doughertys. Conversely, the Underlying Action is a tort action involving an assessment of the Doughertys' liability resulting from the sale of a house by the Doughertys to the Eisenharts. Whether the Doughertys are liable to the Eisenharts for the claims asserted in the Underlying Action has nothing to do with interpreting State Farm's obligations to the Doughertys under the State Farm Policy. Accordingly, the Court denies the Eisenharts' Motion to Intervene under Rule 24(b).

### C. Joinder under Fed. R. Civ. P. 19

Pursuant to Federal Rule of Civil Procedure 19, a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Here, it is evident that the Court can grant complete relief to State Farm or the Doughertys without the Eisenharts' participation. Turning to "an interest relating to the subject of this action," in *Treesdale*, the Third Circuit found that a "mere[] financial interest" is not "a legally protected interest" under Rule 19. 419 F.3d at 230. Here, like in *Treesdale*, the Eisenharts' interest in this case is clearly a financial one—the ability of the Eisenharts to recover for their harms and loses, through the Doughertys' insurance policy with State Farm, if the Doughertys are found liable in the Underlying Action. Thus, *Treesdale* compels this Court to reject the Eisenharts' argument for joinder under Rule 19.

6

In support of their argument that they are a necessary party, the Eisenharts rely on *Brotherhood Mutual Insurance Company v. Salem Baptist Church of Jenkintown*, No. 10-CV-7072, 2012 WL 1526851 (E.D. Pa. Apr. 30, 2012). In *Salem Baptist*, the court concluded that *Murray* superseded the holding in *Treesdale* that financial interests in insurance disputes are insufficient under Rule 19 and, therefore, *Treesdale* should no longer be considered good law regarding Rule 19. *Salem Baptist*, 2012 WL 1526851, at *4. But *Murray* concerned whether an injured person *named as a defendant* had *standing* to remain in the case. *See Crum & Forster Specialty Ins. Co. v. Strong Contractors, Inc.*, 488 F. Supp. 3d 192, 197 (E.D. Pa. 2020) (discussing *Murray*, 658 F.3d 311). Because of this distinction, the majority of district courts in the Third Circuit have stated that *Treesdale* remains good law regarding Rule 19(a)(1)(b) even after *Murray*. *See, e.g.*, *Strong Contractors, Inc.*, 488 F. Supp. 3d 192, 197 (E.D. Pa. 2020) ("Courts in this Circuit have addressed the question of whether *Murray* superseded *Treesdale*'s holding with respect to Rule 19, and the majority have ruled that it did not."); *Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 240 (E.D. Pa. 2013) (declining to follow *Salem Baptist* and concluding *Treesdale* remains good law regarding Rule 19(a)(1)(B)); *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 238 (E.D. Pa. 2014) ("[W]e do not find *Murray* . . . applicable to our Rule 19 analysis."); *see also Acceptance Indem. Ins. Co. v. JJA Auto Sales, LLC*, No. 5:15-CV-02954, 2016 WL 3761243, at *1 n.2 (E.D. Pa. July 12, 2016) (noting that while the issue of "whether the injured party must be joined to a federal declaratory judgment action between the tortfeasor and its insurer" under Federal Rule of Civil Procedure 19 "has generated some disagreement in this district as of late, the weight of authority is that the injured party is not a necessary party"). This Court agrees with these district courts that *Treesdale* remains good law regarding Rule 19(a)(1)(b), and accordingly, denies the Eisenharts' Motion for Joinder under Rule 19.

### III. CONCLUSION

For the reasons stated herein, the Court denies the Motion of Jason and Lauren Eisenhart to Intervene as Interested Parties, or Alternatively for Joinder (ECF No. 8). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**